UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DMITRII KRAMER,

Petitioner,

v.                                                    CAUSE NO. 3:26-CV-409-CCB-SJF

MARKWAYNE MULLIN, et al.,

Respondents.

## **ORDER**

Immigration detainee Dmitrii Kramer, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Kramer is a citizen of Russia and resident of New York who entered the United States in 2016 with a visitor visa. ECF 7-1 at 1. His visa expired in September 2016 and he remained in the country without legal status. *Id.* He was arrested in July 2025 for assault, taken into custody by Immigration and Customs Enforcement, and issued a notice to appear. *Id.* at 1, 5. He is currently detained at Miami Correctional Facility.

Kramer applied for asylum. On October 6, 2025, he received a custody redetermination hearing before an immigration judge, where he argued and provided evidence he was not a danger to the community or a flight risk. ECF 1-1. The immigration judge denied bond based on his finding that Kramer "failed to show that he is not a danger to the community." *Id.* It is unclear whether Kramer appealed this decision to the Board of Immigration Appeals (BIA). On October 30, 2025, the

immigration judge denied Kramer's asylum petition and ordered his removal. ECF 7-1 at 32. Kramer appealed to the BIA, and this appeal is currently pending.[1]

Kramer has now filed a habeas corpus petition with this court, arguing his custody redetermination hearing violated due process because the burden was unconstitutionally placed on him to demonstrate he was not a danger to the community or a flight risk. He requests either his immediate release or a new custody redetermination hearing where the burden is on the government to justify his continued detention by clear and convincing evidence. In his response, the warden argues this petition should be dismissed because Kramer did not exhaust his available administrative remedies before filing this lawsuit, as he provides no evidence he appealed the immigration judge's decision denying bond to the BIA. ECF 7 at 16-17.

The Attorney General has delegated his discretion under 8 U.S.C. § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an

---

[1] The respondents state it is unclear whether Kramer's appeal relates only to the denial of his asylum petition, or whether it relates also to the immigration judge's decision denying bond. ECF 7 at 17 n.1. In his reply, Kramer does not clarify whether or not his pending appeal includes the immigration judge's decision denying bond. ECF 10 at 5-6.

immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). The noncitizen may appeal the immigration judge's decision on custody redetermination to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3).

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

This court previously has held that a discretionary detainee held under § 1226(a) should exhaust his available remedies before bringing his habeas corpus petition. *See Singh v. English*, No. 3:25-cv-1046-CCB-SJF, 2026 WL 775558 (N.D. Ind. Mar. 19, 2026), *citing Uddin v. Lowe*, No. 3:16-cv-2561, 2017 WL 2960791, at *3 (M.D. Penn. July 11, 2017) (concluding that "discretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary," including fully appealing the denial of a bond redetermination to the BIA.). Here, Kramer provides no evidence he has exhausted his available remedy of appealing the immigration judge's decision denying bond to the BIA. Kramer does not clarify whether his appeal currently pending before the BIA includes the immigration judge's decision denying bond, but in any event it is undisputed that appeal still is pending and has not yet been ruled upon by the BIA. And if Kramer chose not to appeal the decision denying bond, that does not excuse his need to exhaust. *See Bartolon v. Bondi*, 813 F. Supp. 3d 811, 825 (S.D. Ohio Dec. 18, 2025) ("Petitioner's apparent failure to timely file a notice of appeal with the BIA regarding his first bond denial is also insufficient to deem exhaustion futile, as exhaustion may not be achieved through a litigant's procedural default of his or her available remedies. Moreover, waiver is inappropriate here because, if the exhaustion requirement were waived in every case where a party failed to timely file for an administrative appeal, then any party could obtain judicial review of initial agency actions simply by waiting for the administrative appeal period to run and then filing an action in district court.") (citation and quotation

4

marks omitted). Thus, it is clear from the record that Kramer has not yet exhausted his available remedy of appealing the immigration judge's decision denying bond to the BIA.

Kramer argues exhaustion is not required here because he raises a due process challenge and the BIA lacks jurisdiction to adjudicate constitutional claims. ECF 10 at 5-6. It is true that "an exception to the exhaustion requirement has been carved out for constitutional challenges to agency procedures because the BIA has no jurisdiction to adjudicate constitutional issues." *Gonzalez*, 355 F.3d at 1017 (cleaned up). But Kramer's optional question on appeal – whether the immigration judge erred in weighing the evidence and concluding he posed a danger to the community — is a question within the BIA's jurisdiction and which it is well equipped to address. *See Gonzalez v. Maples*, No. 4:26-CV-22-TWP-KMB, 2026 WL 1073846, at *5 (S.D. Ind. Apr. 20, 2026) (requiring the petitioner to exhaust her argument that the government should bear the burden of proof at a bond hearing because "the constitutional claim overlaps substantially with a specific administrative decision."). And a ruling in Kramer's favor would grant him the relief he seeks and obviate the need to rule on the constitutional claims he raises in his habeas petition. *See Khan v. Attorney General*, 448 F.3d 226, 236 n.8 (3rd Cir. 2006) (though exhaustion "is not always required when the petitioner advances a due process claim," the court looks beyond the "due process label" and considers whether a purported due process claim "amounts to a procedural error correctible through the administrative process"); *In re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 812-13 (7th Cir. 1991) (noting that the rationale for requiring exhaustion "may be even stronger in the context of a case, like this one, that raises a constitutional question," as "the exhaustion

requirement enables courts to avoid deciding cases on constitutional grounds unnecessarily; during administrative proceedings the constitutional issue, or the entire case, for that matter, may be resolved favorably for the aggrieved party, obviating the need for the courts to address the constitutional claim."). Here, a decision from the BIA in Kramer's favor may have altered the immigration judge's decision and rendered the claims in his habeas petition moot. Accordingly, Kramer's petition for writ of habeas corpus will be dismissed without prejudice and subject to renewal should he exhaust his available administrative remedies as discussed herein.

For these reasons, the court **DENIES** the petition for a writ of habeas corpus (ECF 1).

SO ORDERED on June 5, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT